11432.  HALL v. GEORGIA RAILROAD AND BANKING CO.

Injury to a railroad passenger, alleged to have been knocked to the ground by being bumped against by one of the passengers crowding up the steps of a car when she started to descend the steps at her destination, did not, under the allegations of the petitions in this case, constitute a cause of action against the railroad company, whose conductor, it was alleged, "either wilfully or forgetfully," did not allow her sufficient time to alight from the train, but set a step on the ground and allowed passengers to crowd in the train as she was coming out.

DECIDED JULY 14, 1920.

Action for damages; from Columbia superior court—W. M. Howard, judge pro hac vice.  February 20, 1920.

The petition alleged that "plaintiff was a passenger being transported on defendant's train from Robinson to Grovetown.  Plaintiff gave to the conductor her ticket reading from Robinson to Grovetown, and said conductor well knew that she was to get off at Grovetown, and knew that she was riding with her infant child and a nurse. . . When the train upon which plaintiff was riding reached Grovetown plaintiff undertook to alight from said train as rapidly as possible and as was consistent with the safety of herself and child, but the said conductor either wilfully or forgetfully did not allow plaintiff sufficient time to alight from said train, but set the step on the ground and allowed passengers to crowd in said train, crowding up the steps just as she was

coming out, and just as she started to descend the steps a passenger who, due to negligence of the said conductor, had been allowed to rush in said train, struck petitioner, bumping against her with great force and knocking her down the steps to the ground. Plaintiff sustained severe injuries by reason of said fall;" which injuries are described; wherefore she prays judgment against the defendant in the sum of $5,000.

*J. A. Beazley,* for plaintiff, cited: Civil Code (1910), § 2780; 97 *Ga.* 727; 76 *Ga.* 311; 108 *Ga.* 84; 117 *Ga.* 63 (1); cases cited for defendant, infra, distinguished.

*Cumming & Harper,* for defendant, cited: 217 Mass. 515 (105 N. E. 379, 51 L. R. A. (N. S.) 1152); 212 Mass. 307, 309 (98 N. E. 1041); 227 Mass. 113 (116 N. E. 815); 260 Pa. 481 (104 Atl. 69); 115 *Ga.* 837.

LUKE, J. The petition did not set out a cause of action and was properly dismissed on general demurrer. While the only demurrer sent up with the record is a special demurrer, the bill of exceptions and the judgment excepted to show that the petition was dismissed on a general, and not a special, demurrer; and this is conceded in the briefs of counsel for both parties. Counsel for the plaintiff in error says in his brief: "A general demurrer was filed to the petition and was sustained, and the only question presented to this court is whether the petition sets forth a cause of action."

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*